IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELAINE LANG HOLLINS,

    Plaintiff,

v.                                                                                                                                                                No. 14-cv-0403 SMV

CAROLYN W. COLVIN, Acting Commissioner of
Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 20] ("Motion"), filed on October 3, 2014. The Commissioner responded on November 25, 2014. [Doc. 21]. Plaintiff replied on December 26, 2014. [Doc. 22]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 5]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") impermissibly failed either to include certain limitations in the residual functional capacity ("RFC") assessment or to explain why such limitations should not be included. Accordingly, the Motion will be granted and the case remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on November 30, 2011. Tr. 15. Plaintiff alleged a disability-onset date of June 12, 2010. *Id*. Her claims were denied initially and on reconsideration. *Id*. Plaintiff requested a hearing before an ALJ. *Id*. On August 23, 2013, a hearing was held before ALJ Myriam C. Fernandez Rice, in Albuquerque, New Mexico. Tr. 15–32. Plaintiff was represented by counsel at the hearing.[3] Tr. 15, 38. The ALJ heard testimony from Plaintiff and an impartial vocational expert, Leslie J. White. Tr. 15, 38–60.

The ALJ issued her unfavorable decision on November 21, 2013. Tr. 15–32. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id*. There, she found that Plaintiff suffered from the following severe impairments: "depression; hypertension; diabetes mellitus; hearing loss; neuropathy; status post heart attack; osteomyelitis of the thumb; status post scoliotic deformity of the lumbar spine with severe degenerative facet arthropathy in the lower lumber spine and evidence of defects at L5[.]" Tr. 17–18. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 18–23.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 23–31. The ALJ found that:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except that [she] should never climb ladders, ropes, or scaffolds. She could climb ramps or

---

[3] At the hearing, Plaintiff was represented by attorney Rose Provan. Tr. 38. Here, however, Plaintiff is represented by attorney Sarah M. Barnes and the Martone Law Firm.

> stairs occasionally. She could perform frequent, not constant, bilateral fingering and fine manipulation of items no smaller than the size of a paperclip. She is limited to jobs [that] could be performed while using a hand-held assistive device for uneven terrain or prolonged ambulation. She should avoid concentrated exposure to excessive noise and concentrated exposure to moving machinery and unprotected heights. [Plaintiff] could understand, remember, and carry out detailed, but not complex, instructions, could make decisions, attend and concentrate for extended periods of time and accept instructions and respond appropriately to changes in routine work settings.

Tr. 23. At step four, the ALJ found that Plaintiff was able to return to her past relevant work as a customer service representative. Tr. 31. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claims. Tr. 31–32. The Appeals Council denied Plaintiff's request for review on March 28, 2014. Tr. 1−3. Plaintiff timely filed the instant action on April 30, 2014. [Doc. 1].

## Analysis

Plaintiff argues that the ALJ erred in failing to include in the RFC assessment any limitation reflecting Plaintiff's difficulty in concentration, persistence, or pace. [Doc. 20] at 6–7. The ALJ herself found that Plaintiff's ability to concentrate, persist, or maintain pace was "moderately limited." Tr. 22. The ALJ expressly based this finding on the opinion of the consultative examining psychologist, Dr. Loescher, that Plaintiff was moderately to severely impaired in her ability to manage stress and change in a work setting. Tr. 22 (citing Tr. 576). Furthermore, in explaining the bases for her RFC assessment, the ALJ expressly afforded "great weight" to Dr. Loescher's opinion. Tr. 30. Plaintiff argues that the lack of any limitation in concentration, persistence, or pace in the RFC was, therefore, error. [Doc. 20] at 6–7 (citing SSR 96-8p, 1996 WL 374184 at *7 ("If the RFC assessment conflicts with an opinion from a medical

5

source, the adjudicator must explain why the opinion was not adopted.")). Plaintiff is correct. Without an adequate explanation, the ALJ erred in failing to include in the RFC any limitation in Plaintiff's ability to concentrate, persist, or maintain pace. *See* SSR 96-8p.

>   Dr. Loescher opined, in pertinent part:
>
>> [Plaintiff] would be able to understand, remember[,] and follow through on basic work instructions with mild impairment. She would possibly [be] mildly to moderately impaired in her ability to follow through on more complex work instructions. She would be moderately to severely impaired in her ability to manage stress and change in work setting.

Tr. 576. The ALJ expressly afforded this opinion great weight. Tr. 30. In fact, the ALJ explained that Dr. Loescher's limitations in the ability to manage stress and change in a work setting "would probably be reflective of [Plaintiff's] ability to persist and concentrate." Tr. 22. Accordingly, the ALJ "attributed a moderate degree of restriction" in concentration, persistence, or pace to Plaintiff. Tr. 22.

Despite these explicit findings, the ALJ failed to include in the RFC any restriction in concentration, persistence, or pace. *See* Tr. 23 (RFC assessment). The Commissioner argues that Dr. Loescher's opinion is, in fact, "consistent with [the RFC's limitation to] unskilled work that involve[s] 'detailed but not complex instructions.'" [Doc. 21] at 8 (quoting Tr. 23 (RFC assessment)). The Court is not persuaded.

The RFC assessment in this case does not adequately account for Plaintiff's difficulties with *concentration and persistence* by merely limiting her to "understand[ing], remember[ing], and carry[ing] out detailed, but not complex instructions." *See Wiederholt v. Barnhart*, No. 03-3251, 121 F. App'x 833, 839 (10th Cir. Feb. 8, 2005) (unpublished) (holding that merely

limiting a plaintiff to "simple, unskilled job tasks" in the RFC does not adequately incorporate a finding of "moderate difficulties in maintaining concentration, persistence, or pace.").

The Commissioner alternatively argues that "[t]o the extent [that] Dr. Loescher said that Plaintiff was unable to handle stress or changes in the workplace, the ALJ clearly did not accept this [opinion]." [Doc. 21] at 8–9. The Court is not persuaded because the ALJ expressly adopted not only Dr. Loescher's opinion as a whole, but also the portion related to Plaintiff's trouble managing stress and workplace changes. Tr. 22, 30. Having given great weight to Dr. Loescher's opinion, and having expressly found that Plaintiff was moderately limited in concentration, persistence, or pace, the ALJ was required either to account for the limitation in the RFC assessment or to explain why the limitation was not accounted for in the RFC. *See* SSR 96-8p, 1996 WL 374184 at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

## Conclusion

Remand is required for proper consideration of Plaintiff's limitation in concentration, persistence, or pace. Because the RFC assessment may be changed on remand to address this error, the Court declines to address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 20] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**